UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JAMES H. WHITE (#507066)

VERSUS                                    CIVIL ACTION

N. BURL CAIN, ET AL                       NUMBER 14-91-BAJ-SCR

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, May 14, 2014.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


JAMES H. WHITE (#507066)

VERSUS                                                          CIVIL ACTION

N. BURL CAIN, ET AL                                      NUMBER 14-91-BAJ-SCR


**MAGISTRATE JUDGE'S REPORT**

Before the court is the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by James H. White.

For the reasons which follow, the petitioner's application for habeas corpus relief should be dismissed, with prejudice, as untimely pursuant to 28 U.S.C. § 2244(d).

### I. Background

James H. White entered a guilty plea to one count first degree murder and one count attempted first degree murder in the Nineteenth Judicial District Court for East Baton Rouge Parish, Louisiana on February 22, 2006. Petitioner was sentenced to life imprisonment plus 50 years. Petitioner did not appeal his convictions or sentences.

Petitioner filed his application for post-conviction relief

("PCRA") on November 16, 2007.[1] Petitioner asserted the following grounds for relief[2]:

1. He was denied effective assistance of counsel when counsel allowed him to plead guilty to a capital offense.

2. His guilty plea was not knowing and voluntary.

3. He was constructively denied the assistance of counsel on appeal when his court-appointed counsel failed to submit assignments of error or a brief on appeal.

Petitioner filed a *pro se* supplement to his PCRA asserting that the trial court erred when it failed to advise him of his right against self-incrimination during the *Boykin* examination.[3]

The trial court denied the PCRA on January 17, 2013.[4]

Petitioner sought review by the Louisiana First Circuit Court of Appeal.[5] The Louisiana First Circuit Court of Appeal denied review. *State of Louisiana v. James H. White*, 2013-KW-0362 (La. App. 1st Cir. 5/8/13)(unreported opinion).[6]

---

[1] Record document number 1-1, p. 4, Memorandum in Support of Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. Section 2254.

[2] Record document number 1-3, pp. 1-15, Exhibit A, Uniform Application For Post-Conviction Relief.

[3] *Id*. at 16-21, Exhibit B, Supplemental Application for Post-Conviction Relief.

[4] Record document number 1-5, pp. 20-21.

[5] Record document number 1-6, pp. 2-18.

[6] *Id*. at 21.

Petitioner sought review by the Louisiana Supreme Court[7], which denied review on November 15, 2013. *State ex rel. James H. White v. State of Louisiana,* 2013-1342 (La. 11/15/13), 125 So.3d 1104.

Petitioner signed his federal habeas corpus application on February 9, 2014, and it was filed on February 10, 2014.

Petitioner asserted the following grounds for relief:

Ground One: He was denied effective assistance of counsel when counsel allowed him to enter a guilty plea to a capital offense.

Ground Two: His guilty plea was not knowing and voluntary.

Ground Three: He was constructively denied the assistance of counsel on appeal when his court-appointed counsel failed to submit assignments of error or a brief on appeal.

Ground Four: The trial court erred when it failed to advise him of his right against self-incrimination during the *Boykin* examination.

## II. Applicable Law and Analysis

**A. Timeliness**

Petitioner conceded that his federal habeas corpus application is untimely, but he argued that he is entitled to statutory or equitable tolling.[8]

---

[7] *Id.* at 23-40.

[8] There is a third way to overcome the § 2254(d) one year time limit: a convincing showing of actual innocence. Although the petitioner here did not assert that he is actually innocent of the
(continued...)

3

[8](...continued)
offenses to which he pled guilty, the law applicable to this way of avoiding the one year time limit will be briefly addressed.

In *McQuiggin v. Perkins,* ____ U.S. ____, 133 S.Ct. 1924 (2013), the Supreme Court held that a habeas petitioner can overcome the expiration of the Antiterrorism and Effective Death Penalty Act ("AEDPA") statute of limitations by making a convincing showing of actual innocence. *McQuiggin*, 133 S.Ct. at 1928 (referencing 28 U.S.C. § 2244(d)(1)). A petitioner attempting to overcome the expiration of the AEDPA statute of limitations by showing actual innocence is required to produce new evidence sufficient to persuade the district court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." 133 S.Ct. at 1928 (quoting *Schlup v. Delo*, 513 U.S. 298, 329, 115 S.Ct. 851 (1995)).

To open the gateway to federal habeas review a petitioner asserting his actual innocence of the substantive offense must: (1) present "new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence"; (2) "that was not presented at trial"; and (3) must show, that in light of this new evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 537, 126 S.Ct. 2064, 2077 (2006), *citing Schlup v. Delo*, 513 U.S. 298, 299, 324-29, 115 S.Ct. 851, 854, 865-868 (1995).

The *Schlup* standard "is demanding and permits review only in the 'extraordinary' case." *House, supra,* at 538, 126 S.Ct. at 2077. In applying the *Schlup* standard, the Fifth Circuit has held that: (1) the petitioner "bears the burden of establishing that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence"; (2) "there is no presumption of innocence at a habeas proceeding" and the petitioner "comes before the habeas court with a strong - and in the vast majority of the cases conclusive - presumption of guilt"; and, (3) the *Schlup* standard "does not merely require a showing that a reasonable doubt exists in the light of the new evidence, but rather that no reasonable juror would have found the defendant guilty." *Bosley v. Cain*, 409 F.3d 657, 664 (5th Cir. 2005). Put differently, "a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 329, 115 S.Ct. at 868.

Several district courts have addressed the application of *McQuiggin* in the context of a habeas petitioner who pled guilty.
(continued...)

4

Under § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act, a prisoner in custody pursuant to the judgment of a state court has a one year period within which to file an application for a writ of habeas corpus. The limitation period runs from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A).

As provided by § 2254(d)(2), the time during which a properly filed application for state post-conviction or other collateral review, with respect to the pertinent judgment or claim, is pending shall not be counted toward any period of limitation under this subsection. A "properly filed application" is one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing. *Lovasz v. Scig*, 134 F.3d 146, 148-49 (3rd Cir. 1998); *Galindo v. Johnson*, 19 F.Supp.2d 697, 701 (W.D. Tex. 1998). A court must look to state law to determine

---

[8](...continued)
*Bethea v. Superintendent*, 2014 WL 129319 (N.D.Ind. 2014); *United States of America v. Esquivel*, 2014 WL 50155 (S.D.Tex. 2014); *Kalchstein v. United Sates of America*, 2013 WL 6499592 (W.D.N.C. 2013); *Roberts v. Milburn*, 2013 WL 4620614 (E.D.Mo. 2013). Collectively, these courts noted that "tenable actual innocence gateway pleas are rare," *McQuiggin*, 133 S.Ct. at 1926, a challenge to a guilty plea on some other basis, e.g. that it was coerced, does not directly allege actual innocence, and a petitioner who entered a valid guilty plea cannot credibly assert an actual innocence claim. Here, the petitioner challenged his guilty plea on the basis that it was not knowing and voluntary. Petitioner did not contend in his PCRA or in his federal habeas corpus petition that he did not commit the offenses to which he pled guilty.

5

whether a state habeas application conforms to the state's procedural filing requirements. *Wion v. Quarterman*, 567 F.3d 146, 148 (5th Cir. 2009).

A state application is "pending" during the intervals between the state court's disposition of a state habeas corpus petition and the petitioner's timely filing of petition of review at the next level. *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001). An application ceases to be "pending" within the meaning of § 2244(d)(2) when the petitioner fails to timely file an application for supervisory review at the next level. *Id*. at 407. A state court's subsequent decision to allow review may toll the time relating directly to the application, but it does not change the fact that the application was not pending prior to the application. *Id*. After the period for appeal or seeking discretionary review has lapsed, an application ceases to be pending, but a subsequent properly filed application entitles the petitioner to additional tolling beginning at the time of the "proper" filing. *Id*.

Petitioner's conviction became final on March 24, 2006.[9]

---

[9] For purposes of § 2244(d)(1)(A), a state conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review. *See Causey v. Cain*, 450 F.3d 601, 606 (5th Cir. 2003) ("[A] conviction becomes final at the conclusion of direct review or when the time for such review has expired, as specified by AEDPA, regardless of when state law says finality occurs."). Normally that time expires 90 days after the state court of last resort enters its judgment. *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003). But when the defendant concludes his state-court direct appeal before it reaches
(continued...)

From the date the petitioner's conviction became final on March 24, 2006, until November 16, 2007, the date the petitioner filed his PCRA, 601 days of the limitations period elapsed.

By the time the petitioner filed his PCRA, the limitations period had elapsed. Petitioner's federal habeas corpus application was not filed timely.

### B. Statutory Tolling

Petitioner argued that he is entitled to statutory tolling as a result of a state-created impediment. Specifically, the petitioner argued following his conviction on February 22, 2006, he was transferred to several prisons where he did not have access to the prison law library or inmate counsel substitutes and was not

---

[9](...continued)
the state court of last resort, "the conviction becomes final when the time for seeking further direct review in the state court expires." *Id*. This federal rule applies even where state law provides that finality occurs on a different date. *Compare* La. Code Crim. Proc. art. 922(B) (providing that the court of appeal's judgment becomes final under Louisiana law fourteen days after the rendition of judgment in all cases in which an application for a writ of review is not filed with the Louisiana Supreme Court), *and* La. Sup. Ct. R. X, § (5)(a) ("An application seeking to review a judgment of the court of appeal ... after an appeal to that court ... shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal ...."), *with Roberts*, 319 F.3d at 693 n. 15 (noting that the judgment of an intermediate court of appeals is not final under Texas law until the mandate has issued), *and id.* at 694-95 (rejecting the argument that the mandate-issuance date should determine finality under the AEDPA).

7

aware of the time limitation.[10] Petitioner argued that it was not until he arrived at Louisiana State Penitentiary and had access to inmate counsel substitutes that he learned of the filing procedures.[11]

On February 12, 2014, the petitioner was ordered to supplement his habeas corpus application with the following information:

(1) the identify each prison the petitioner was incarcerated in following his conviction on February 22, 2006, and the dates he was incarcerated at each facility;

(2) whether each facility identified in response to item number 1 had a law library and/or inmate counsel substitutes, whether the petitioner requested access to the law library during his incarceration at the facility and/or the assistance of inmate counsel substitutes, and whether his request was granted or denied and by whom; and,

(3) provide the date the petitioner arrived at Louisiana State Penitentiary following his conviction, his inmate location(s), and the date he first accessed the prison law library and/or sought the assistance of inmate counsel substitutes.

Petitioner was also ordered to provide any other evidence not itemized above which supports his claim for statutory and equitable tolling.[12]

In the supplement to his habeas corpus application the

---

[10] Record document number 1-1, pp. 3-4, Memorandum in Support of Petition for Writ of Habeas Corpus Pursuant to Title 28 U.S.C. § 2254.

[11] *Id.* at 4.

[12] Record document number 4.

8

petitioner asserted that following his conviction on February 22, 2006, he was remanded to the East Baton Rouge Parish Prison. Petitioner asserted that on that same date he was transferred to East Carroll Parish Prison where he remained until March 3, 2006. Petitioner asserted that he does not know whether either parish prison had a library or provided inmate counsel substitutes.

Petitioner asserted that on March 3, 2006, he was transferred to Wade Correctional Center ("WCC") and was placed in extended lockdown. Petitioner acknowledged that WCC has a law library and provides inmate counsel substitutes. Petitioner asserted that he asked the Unit Warden for legal assistance, but none was provided.

Petitioner asserted that on June 5, 2006, he was transferred to Hunt Correctional Center ("HCC"), and was placed on a lockdown unit where he was permitted one hour on the tier. Petitioner asserted that only tier workers were permitted on the unit. Petitioner did not state whether HCC had a law library or inmate counsel substitutes. Apparently, the petitioner did not request legal assistance while at HCC.

Petitioner asserted that on June 12, 2006, he was transferred to Louisiana State Penitentiary ("LSP") and was housed in Camp D Hawk extended lockdown unit. Petitioner conceded that LSP has inmate counsel substitutes but alleged that no inmate counsel substitute made rounds on his unit. Petitioner asserted that he asked the security officer working on the tier for legal assistance

9

but no inmate counsel substitute made rounds.

Petitioner asserted that on or about October 2006, another inmate told him he would ask an inmate counsel substitute to research the post-conviction relief process for the petitioner. Petitioner alleged that he wrote the prison Legal Programs Department several letters requesting legal assistance but never received a response.

Petitioner asserted that sometime in March 2007, he was transferred to Camp D Raven working cell block where he met another inmate who began assisting him. Petitioner asserted that in mid-March 2007, he accessed the prison law library through an inmate counsel substitute. Petitioner alleged that he learned the proper filing procedures in approximately April 2007.

To establish a state-created impediment, "the prisoner must show that: (1) he was prevented from filing a petition (2) by State action (3) in violation of the Constitution or federal law." *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003). That is, the petitioner must show that the State action actually prevented him from filing a § 2254 petition. *See id.* at 436-37.

The gist of the petitioner's statutory tolling argument appears to be that his lack of access to a prison law library or inmate counsel substitutes constituted a state-created impediment to filing a timely habeas petition.

The Constitution does not guarantee prisoners "an abstract,

freestanding right to a law library or legal assistance," but only a "right of *access to the courts*." *Lewis v. Casey*, 518 U.S. 343, 350-51, 116 S.Ct. 2174, 2179-80 (1996).

Petitioner failed to provide anything more than generalized allegations of restricted access. Petitioner failed to show that there was any state-created impediment which actually prevented him from filing a § 2254 petition.

Even assuming, without deciding, that there was a state-created impediment, it was removed no later than October 2006 when the petitioner received assistance from another inmate in the preparation of a PCRA.

From October 31, 2006[13], the date the alleged state-created impediment was removed, to November 16, 2007, the date the petitioner filed his PCRA, 380 days of the limitations period elapsed. By the time the petitioner filed his PCRA, the time for filing a federal habeas corpus application had already expired.

**C. Equitable Tolling**

Nor is there any basis in the record for equitable tolling. The one-year federal limitations period is subject to equitable tolling only "in rare and exceptional circumstances." *United States v. Patterson*, 211 F.3d 927, 928 (5th Cir. 2000). The

---

[13] Petitioner did not identify the date in October 2006 that he began receiving assistance in the preparation of a PCRA. October 31, 2006, was selected because it is the date most favorable to the petitioner.

11

doctrine "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 1814 (2005).

Ignorance of the law, lack of knowledge of filing deadlines, temporary denial of access to research materials or a prison law library, and inadequacies in the prison law library, are not sufficient to warrant equitable tolling. *Tate v. Parker*, 439 Fed.Appx. 375 **1 (5th Cir. 2011); *Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000); *Scott v. Johnson*, 227 F.3d 260, 263 & n. 3 (5th Cir. 2000).

A review of the record disclosed no "rare and exceptional circumstances" to justify equitable tolling. *Fisher v. Johnson*, 174 F.3d 710 (5th Cir. 1999).

**<u>RECOMMENDATION</u>**

It is the recommendation of the magistrate judge that the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by James H. White be dismissed, with prejudice, as untimely pursuant to 28 U.S.C. § 2244(d).

It is further recommended that a certificate of appealability be denied for the reasons set forth herein.

Baton Rouge, Louisiana, May 14, 2014.

*[signature: Stephen C. Riedlinger]*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE